Mark D. Mailman, I.D. No. MDM 1122
John Soumilas, I.D. No. JS 0034
Geoffrey H. Baskerville, I.D. No. GB 2716
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

**Attorneys for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YVONNE DIAZ ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| vs. ) | |
| ) | |
| ALLEN, LEWIS & ASSOCIATES ) | JURY TRAIL DEMANDED |
| ) | |
| Defendant. ) | NON-ARBITRATION |
| ) | |

## COMPLAINT
## UNLAWFUL DEBT COLLECTION PRACTICES

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the "FDCPA") and various other state laws. This law prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

4. Plaintiff Yvonne Diaz is an adult individual residing at 87 Winding Woods, Apartment 43, Sayreville, NJ 08872.

5. Defendant Allen, Lewis & Associates is a business entity regularly engaged in the business of collecting debts with its principal place of business located at 1185 Lane Avenue, Suite 5, Jacksonville, FL 32205. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

### IV. FACTUAL ALLEGATIONS

6. At all times pertinent hereto, Defendant was hired by K&S Music to collect a debt relating to the rental of a clarinet for Plaintiff's son that were allegedly originally owed to K&S Music (hereafter the "debt").

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

8. At all times pertinent, Plaintiff returned the clarinet to the Lou Rose Store, where she had rented the same. Thereafter the clarinet had been returned to K&S Music. Due to the following, Plaintiff was responsible for the rental fee but not the entire price as claimed by Defendant. (The aforementioned shall hereafter be referred to as the "Dispute.")

8. Beginning in 2007, Defendant would contact Plaintiff in an attempt to coerce payment of the debt. During this conversation, Plaintiff stated her Dispute. Plaintiff attempted to arrange for the payment of the portion of the debt for which she believed she was responsible. When Plaintiff knew she would not have enough money to honor her checks, she notified Defendant. Nonetheless, Defendant attempted to cash the checks, which were bounced.

9. Notwithstanding the above, on or about January 29, 2009, a representative, employee and/or agent from Defendant identifying herself as "Victoria" contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted. During this conversation, Plaintiff reiterated her Dispute. Victoria ignored the Dispute and told Plaintiff that she needed to pay the debt. Victoria then transferred Plaintiff to a representative, employee and/or agent from Defendant identifying himself as "Mr. Blair." Mr. Blair, implying Plaintiff had committed a crime, accused Plaintiff of committing fraud in 2007 because her payments bounced. Plaintiff attempted to discuss a payment arrangement for the rental fees, to which Mr. Blair responded by yelling and screaming at Plaintiff, falsely stating that Defendant had performed a thorough search for the clarinet and could NOT locate the same. Plaintiff replied that she had confirmed with K&S Music that the clarinet had been returned in October 2006. Plaintiff again attempted to create a payment plan, to which Mr. Blair responded by ridiculing Plaintiff and disconnecting the phone call.

10. Notwithstanding the above, on or about June 1, 2009, Defendant again contacted Plaintiff in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted. During this conversation, Plaintiff reiterated her Dispute, to which Defendant replied by indicating it did not believe Plaintiff because "K&S would never speak to you [Plaintiff]."

11. Defendant acted in a false, deceptive, misleading and unfair manner by misrepresenting the amount, character or legal status of a debt.

12. The Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing or implying that the consumer had committed a crime.

13. Defendant knew or should have known that their actions violated the FDCPA.

Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

14. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

15. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

16. As a result of Defendant's conduct, Plaintiff have sustained actual damages, including, but not limited to, injury to Plaintiff' reputation, invasion of privacy, damage to Plaintiff' credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## V. FIRST CLAIM FOR RELIEF- VIOLATION OF THE FDCPA

17. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

18. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

20. The above contacts by Defendant were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

21. Defendant violated the FDCPA. Defendant's violations include, but are not

limited to, violations of 15 U.S.C. §§ 1692d, 1692d(5), 1692e, 1692e(2)(A), 1692e(7), 1692e(10) and 1692f, as evidenced by the following conduct:

    (a)    Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

    (b)    Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

    (c)    The false representation of the amount, character or legal status of a debt;

    (d)    Falsely representing or implying that the consumer has committed a crime; and

    (e)    Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from the Plaintiff.

22.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff' rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

23.    As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

    (a)    That an order be entered declaring that the Defendant's actions as described above are in violation of the FDCPA;

Case 1:33-av-00001 Document 3587 Filed 11/17/09 Page 6 of 7

    (b)    That an order be entered enjoining Defendant from continuing to communicate with Plaintiff in violation of the FDCPA;

    (c)    That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(1);

    (d)    That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    (e)    That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    (f)    That the Court grant such other and further relief as may be just and proper.

## VII. SECOND CLAIM FOR RELIEF- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

24.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25.    As a result of Defendant's reckless and intentional conduct, Plaintiff sustained physical injury as well as mental distress as more fully outlined above.

26.    Due to the reckless and intentional conduct of the Defendant, it was foreseeable that Plaintiff would suffer severe emotional distress, harm to her physical and psychological well-being and physical harm to the present day, as fully outlined above.

WHEREFORE, Plaintiff claims compensatory, punitive and all other forms of cognizable damages against Defendant and judgment in her favor, plus lawful interest thereon, attorney's fees and costs of suit.

## IV. JURY TRIAL DEMAND

27. Plaintiff demands trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates John Soumilas as trial counsel in the above-captioned matter. Plaintiff reserves the right to amend this designation as necessary.

## ARBITRATION CERTIFICATION

I, Mark D. Mailman, counsel of record do hereby certify pursuant to Local Civil Rule 201.1(d) that relief other than monetary damages is sought. I further certify that, to my knowledge, the within case is not the subject of any action, arbitration or administrative hearing now pending in any court.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

BY: _/s/ Mark D. Mailman_
MARK D. MAILMAN
JOHN SOUMILAS
GEOFFREY H. BASKERVILLE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600
Attorneys for Plaintiff

Dated: November 17, 2009